IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>TIFFANY ZERLEY,<br><br>　　　　　　　Defendant. | 8:16-CR-69<br><br>MEMORANDUM AND ORDER |

　　　　This matter is before the Court on Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(A), Filing 94. Defendant seeks compassionate release due to concerns arising from the COVID-19 pandemic. The Motion will be denied.

　　　　On June 16, 2016, Defendant pled guilty to one count of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. Filing 61 at 1. The Probation Office's sentencing recommendation calculated Defendant's total offense level at 31, with a criminal history category of VI. Filing 59. Defendant was categorized as a career criminal because of her significant criminal history. Filing 59 at 2.

　　　　Defendant's offense level and criminal history category resulted in a guideline range sentence of 188 to 235 months. Filing 62 at 1. Nevertheless, the Court[1] varied below the guideline range and imposed a sentence of 144 months, with 5 years of supervised release. Filing 61. The Court reasoned that Defendant's motives for being involved in criminal activity and apparent coercion merited a downward departure. Filing 73 at 13. The Court concluded that under 18 U.S.C. § 3553(a)(2), a sentence of 144 months would reflect the seriousness of the offense, promote respect for the law, provide just punishment, and would adequately deter future criminal conduct.

---

[1] This case was previously assigned to Senior District Judge Laurie Smith Camp and was reassigned to the undersigned on May 3, 2021, due to Judge Smith Camp's untimely and unexpected death. Filing 95.

Filing 73 at 12-13. The Eighth Circuit affirmed Defendant's sentence. Filing 89. According to Defendant, she has served a slightly less than half of her sentence. Filing 94.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of a sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Accepting Defendant's factual allegations as true, more than 30 days have lapsed since she made a request for compassionate release to her warden.

Section 3582(c)(1)(A) also provides in pertinent part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
>     . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The Court concludes that Defendant has not shown any extraordinary and compelling reason for a reduction of her sentence or her release from custody. Generalized concerns about the presence of COVID-19 in a prison are insufficient to show extraordinary and compelling reasons for release. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Melgarejo*, No. 12-CR-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020), *aff'd*, No. 20-1802, 2020 WL 7230642 (7th

Cir. Dec. 8, 2020) ("[T]he mere presence of COVID-19 in a particular prison . . . cannot justify compassionate release—if it could, every inmate in that prison could obtain release."). Defendant has not presented any allegation or medical support that she personally is at a greater risk. Defendant's argument focuses on the generalized presence of COVID-19 in her facility and her concern that her mother would be at greater risk for serious illness if she contracted COVID-19. Defendant asserts that if her mother became ill, no one would be able to care for Defendant's son. While the Court is sympathetic to concerns over potential risks to her mother's health, Defendant's speculative assertion is insufficient to show extraordinary and compelling reasons for a reduction in sentence.

Further, the Court has reviewed the record and concludes that a reduction of her sentence would be contrary to the factors the Court must consider under 18 U.S.C. § 3553(a).[2] Defendant's criminal history is significant and the Court already imposed a sentence significantly below her guideline range. Further reduction may undermine the seriousness of her offenses and would not promote respect for the law.

Accordingly,

IT IS ORDERED.

1. Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(1)(A), Filing 94, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to Defendant at her last known address.

---

[2] These factors include the "nature and circumstances of the offense," "history and characteristics of the defendant," "need to avoid unwarranted sentence disparities among defendant with similar records who have been found guilty of similar conduct," and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence," and "protect the public." 18 U.S.C. § 3553(a)(1), (2)(A) through (C), and (6).

4

Dated this 23rd day of July, 2021.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge