IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>TIFFANY ZERLEY,<br><br>　　　　　　Defendant. | 8:16-CR-69<br><br><br>ORDER ON MOTION FOR<br>COMPASSIONATE RELEASE |

　　　　This matter is before the Court on defendant Tiffany Zerley's Motion for Compassionate Release. Filing 99. The defendant seeks compassionate release for "other extraordinary and compelling reasons," namely, that her mother, who is the defendant's son's caregiver, is ill. Filing 99 at 5. For the reasons below, the defendant's Motion is denied.

## I.  BACKGROUND

　　　　In 2016, the defendant pleaded guilty to the crime of Conspiracy to Distribute Methamphetamine. Filing 61 (Judgment). As a result of the defendant's extensive criminal history, her criminal history category is VI, she was categorized as a career offender, and her guideline range of imprisonment was 188 months to 235 months. Filing 59 at 1. At sentencing, the Court[1] varied below the guideline range and imposed a sentence of 144 months to be followed by five years of supervised release. Filing 61 (Judgment). In 2017, the Eighth Circuit Court of Appeals affirmed the defendant's sentence. Filing 89. The defendant filed her first Motion for Compassionate Release in

---

[1] This case was previously assigned to Senior District Judge Laurie Smith Camp and was reassigned to the undersigned on May 3, 2021, following Judge Smith Camp's unexpected and untimely death. Filing 95.

2021 and sought a reduced sentence in light of the COVID-19 pandemic. Filing 96. Specifically, the defendant alleged that compassionate release was warranted "[i]n the event" that the defendant's mother, who was the caregiver for the defendant's minor son, "was to get covid [because] her chances wouldn't be that promising and I wouldn't have anyone to look after my son." Filing 94 at 1. The Court denied the defendant's motion, finding that the defendant had failed to show extraordinary and compelling reasons for compassionate release and further concluding that a reduced sentence was not warranted under the 18 U.S.C. § 3553(a) factors. Filing 96.

The Court presently considers the defendant's second Motion for Compassionate Release. Filing 99. In this Motion, the defendant explains that her mother, who is still the caregiver for the defendant's minor son, was recently "life flighted to Loveland Colorado to have open heart surgery" after the defendant's son discovered the defendant's mother "on the bathroom floor." Filing 99 at 5. The defendant's mother "ended up refusing the surgery because she was afraid she wouldn't survive" and instead received "an alternate surgery." Filing 99 at 5. The defendant alleges that "[e]ven with the alternate" surgery, her mother "is not guar[a]nteed survival." Filing 99 at 5. The defendant states that there is "no other parent to care for [her] son" because her "son's father is serving a life sentence." Filing 99 at 5. The defendant argues that these are "extraordinary and compelling reasons" warranting compassionate release. Filing 99 at 4.

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Under 18 U.S.C. § 3582(c)(1)(A), prisoners may move to reduce their terms of imprisonment on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082,

1083–84 (8th Cir. 2021) (alteration in original) (citing 18 U.S.C. § 3582(c)(1)(A)). The exhaustion of administrative remedies "is a mandatory claim-processing rule" that "must be enforced so long as the opposing party properly raises it." *Id.* at 1084. Courts in this circuit have consistently held that a defendant "bears the burden of showing that he exhausted his administrative remedies with the BOP before filing a compassionate-release motion." *United States v. Clark*, No. 11-3034, 2020 WL 4507325, at *3 (N.D. Iowa Aug. 5, 2020) (quoting *United States v. Kinley*, No. 16-10018, 2020 WL 2744110, at *2 (W.D. Ark. Apr. 17, 2020)). *See also United States v. Flute*, No. 3:21-CR-30088-RAL, 2023 WL 3340189, at *2 (D.S.D. May 10, 2023).

The defendant has not complied with this "mandatory claim-processing rule." *Houck*, 2 F.4th at 1084. The defendant indicates in her Motion that she "submitted a request for compassionate release to the warden" on July 3, 2025, and that she "had not receive[d] a response yet" as of July 7, 2025, the day she signed and presumably mailed her Motion. Filing 99 at 3, 11. Though the defendant is permitted to file a compassionate release motion if the warden does not respond to her request, the defendant must wait 30 days after submitting her request before she can file her own motion. 18 U.S.C. § 3582(c)(1)(A). Here, the defendant signed her Motion only 4 days after she submitted her request to the warden, and her Motion was filed only 14 days after she submitted her request. Filing 99 at 3. Moreover, the defendant did not "include copies of any written correspondence to and from the Bureau of Prisons related to [her] motion," even though the standard compassionate release form she submitted prompted her to do just that. Filing 99 at 2.

However, because the Government did not file a response to the defendant's Motion and therefore did not raise the exhaustion issue, the Court will nevertheless consider whether there are "extraordinary and compelling reasons" warranting compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i). *See Houck*, 2 F.4th at 1084 (explaining that the "mandatory claim-processing rule

3

. . . must be enforced so long as the opposing party properly raises it" and dismissing the defendant's motion for compassionate release "because the Government raised the exhaustion issue and [the defendant] failed to exhaust his administrative remedies prior to filing the motion").

### III. THE MERITS OF THE DEFENDANT'S MOTION

Turning to the standards for compassionate release, 18 U.S.C. § 3582(c) provides in relevant part:

> [T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A). The burden to establish an entitlement to a sentence reduction is on the prisoner. *See United States v. Avalos Banderas*, 39 F.4th 1059, 1062 (8th Cir. 2022). "[T]he district court is not required to investigate possible avenues for relief or to develop the record in support of a motion." *Id.* Nor must a district court "make a specific rejoinder to every circumstance cited in support of a reduction." *United States v. Loggins*, 966 F.3d 891, 893 (8th Cir. 2020). Furthermore, because district courts have "broad discretion" when considering whether the 18 U.S.C. § 3553(a) sentencing factors warrant early release, a district court does not abuse its discretion simply because "other district courts may have granted compassionate release for defendants with similar backgrounds." *United States v. Marcussen*, 15 F.4th 855, 859 (8th Cir. 2021).

In the section of her Motion outlining her alleged Grounds for Release, the defendant checked the "catch-all" box indicating that "[t]here are other extraordinary and compelling reasons for my release." Filing 99 at 3–4. Specifically, the defendant argues that her sentence should be reduced because her mother, who is the caregiver for the defendant's minor child, "is not

4

guar[a]nteed survival." Filing 99 at 5. Section 1B1.13(b)(5) of the Sentencing Guidelines is not binding on the Court, but it is a "catch-all" section that is helpful for the Court in considering whether the defendant is entitled to compassionate release. *See Marcussen*, 15 F.4th at 859 (explaining that U.S.S.G. § 1B1.13 is a policy statement that is "not binding" but "may not be ignored"). That section states that "[e]xtraordinary and compelling reasons exist" when "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4)" of U.S.S.G. § 1B1.13(b), "are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). Although one of the standard Grounds for Release listed in the Motion is that "[t]he caregiver of my minor child or children has died or become incapacitated and I am the only available caregiver for my child or children," the defendant did not check the box for that ground. Filing 99 at 4. Still, based on the allegations in the defendant's Motion, the Court finds that the policy statement in U.S.S.G. § 1B1.13(b)(3)(A) is also helpful to the Court's analysis. Section 1B1.13(b)(3) is titled "Family Circumstances of the Defendant" and subsection (A) provides that "[t]he death or incapacitation of the caregiver of the defendant's minor child" can constitute an "[e]xtraordinary and compelling reason[ ]" warranting a sentencing reduction. U.S.S.G. § 1B1.13(b)(3)(A).

The Court acknowledges that the defendant's mother's recent health scare likely had an emotional effect on the defendant, and it is clear that the incident highlighted potential concerns related to the care of the defendant's child. Without discounting the importance to the defendant of her mother's health and her child's care, the Court concludes the defendant has not provided evidence of "[t]he death or incapacitation of the caregiver of [her] minor child" such that compassionate release would be consistent with the guidance provided. U.S.S.G. § 1B1.13(b)(3)(A).

Rather, it appears from the defendant's Motion that her mother fortunately was able to receive treatment in the form of "an alternate surgery." Filing 99 at 5. Although the defendant describes her mother as living "on borrowed time" following the medical incident, the defendant has not alleged that her mother is incapacitated or otherwise unable to care for the defendant's child. Filing 99 at 5. Instead, the defendant's concerns appear to be prospective, anticipating a day in the future when her child's caregiver *might* become incapacitated. Thankfully, that day is not today. The prospective nature of the defendant's concerns makes them inconsistent with the extraordinary and compelling "Family Circumstances" outlined in U.S.S.G. § 1B1.13(b)(3)(A), and her concerns also are not "similar in gravity" to those family circumstances. U.S.S.G. § 1B1.13(b)(5).

Even if the defendant had presented extraordinary and compelling circumstances warranting compassionate release, the Court concludes that reducing the defendant's sentence would run counter to the sentencing factors in 18 U.S.C. § 3553(a). *See United States v. Rodd*, 966 F.3d 740, 747–48 (8th Cir. 2020) (upholding the district court's denial of compassionate release where the district court had concluded that the § 3553(a) factors weighed against granting compassionate release regardless of whether the defendant had demonstrated extraordinary and compelling reasons for release). One of those factors is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The defendant's criminal history is substantial and extensive, spanning 15 years and multiple districts and resulting in a criminal history category of VI. Filing 59 at 1. By sentencing the defendant to a 144-month term of imprisonment, the Court already imposed a sentence significantly below the defendant's guideline range of 188 to 235 months. Further reducing the defendant's sentence would not support "the need for the sentence imposed . . . to reflect the seriousness of the offense" or "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."

18 U.S.C. § 3553(a)(2)(A), (6). The Court has considered the remaining applicable sentencing factors in 18 U.S.C. § 3553(a) and finds that those factors also weigh against reducing the defendant's sentence.

## IV. CONCLUSION

For the reasons set forth above, the defendant is not entitled to compassionate release. Accordingly,

IT IS ORDERED: The defendant's Motion for Compassionate Release, Filing 99, is denied.

Dated this 25th day of September, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge